UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GLEN E. KING

CIVIL ACTION

VERSUS

NO. 21-2006

METROPOLITAN LIFE INS. CO., ET
AL

SECTION "R" (5)

**ORDER AND REASONS**

Before the Court is defendant Shreveport Rubber & Gasket Co.'s
("Shreveport Rubber") unopposed motion for summary judgment.[1]  For the
following reasons, the Court grants the motion.

## I.   BACKGROUND

This case arises from plaintiff's alleged exposure to asbestos during the
course of his employment with the United States Navy, Louisiana State
University, and BASF Corporation.[2]  Plaintiff contends that these exposures
caused him to develop mesothelioma.[3]  He sued Shreveport Rubber, among
others, for negligence in the Civil District Court for the Parish of Orleans.[4]

---

1       R. Doc. 87.
2       R. Doc. 1-1 at 9 ¶ 9.
3       *Id.* at 10 ¶ 19.
4       *Id.* at 4.

In particular, plaintiff alleged that Shreveport Rubber supplied asbestos-containing equipment to plaintiff's worksites, including Louisiana State University, and that it failed to adequately warn him of the presence of asbestos and the health hazards associated with it.[5]  Another defendant removed the case to this Court on November 1, 2021.[6]

Shreveport Rubber now moves for summary judgment on the grounds that plaintiff has failed to meet his burden of proving that he worked with an asbestos-containing product that was sold, supplied, distributed, or manufactured by Shreveport Rubber, or that his use of such product was a substantial cause of his mesothelioma.[7]  Plaintiff does not oppose Shreveport Rubber's motion.  The Court considers the motion below.

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  "When assessing whether a

---

[5]      *Id.* at 13.
[6]      R. Doc. 1.
[7]      R. Doc. 87 at 1.

dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a

genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed. *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases). Even in the context of unopposed motions for summary judgment, the movant must still

show that there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 363 n.3 (5th Cir. 1995). When a motion for summary judgment is unopposed, a court may accept the movant's evidence as undisputed. *Morgan*, 114 F. Supp. 3d at 437 (quoting *UNUM Life Ins. Co. of Am. v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002)). Nevertheless, if the moving party fails to meet its burden, the Court must deny its motion for summary judgment. *Hetzel*, 50 F.3d at 362 n.3.

## III.  DISCUSSION

Under Louisiana law, in an asbestos exposure case, the claimant must show that (1) "he had significant exposure to the product complained of," and that (2) the exposure to the product "was a substantial factor in bringing about his injury." *Rando v. Anco Insulations, Inc.*, 16 So. 3d 1065, 1091 (La. 2009) (quoting *Asbestos v. Bordelon, Inc.*, 726 So. 2d 926, 948 (La. App. 4 Cir. 1998)). The plaintiff bears the burden of proof on both elements. *Vodanovich v. A.P. Green Indus., Inc.*, 869 So. 2d 930, 932 (La. App. 4 Cir. 2004). When there are multiple causes of injury, "a defendant's conduct is a cause in fact if it is a substantial factor generating plaintiff's harm." *Adams v. Owens-Corning Fiberglas Corp.*, 923 So. 2d 118, 122 (La. App. 1 Cir. 2005)

(citing *Vodanovich*, 969 So. 2d at 932).   "Because there is a medically demonstrated causal relationship between asbestos exposure and mesothelioma, every non-trivial exposure to asbestos contributes to and constitutes a cause of mesothelioma." *Labarre v. Bienville Auto Parts, Inc.*, No. 21-89, 2022 WL 293250, at *3 (E.D. La. Feb. 1, 2022) (citing *McAskill v. Am. Marine Holding Co.*, 9 So. 3d 264, 268 (La. App. 4 Cir. 2009)).   Thus, as the Fifth Circuit has explained, "[e]ven if the plaintiff was only exposed to asbestos for a 'short period for an employer[,] and he had longer exposure working for others, it cannot be said the relatively short asbestos exposure was not a substantial factor in causing his mesothelioma.'" *Williams v. Boeing Co.*, 23 F.4th 507, 512 (5th Cir. 2022) (quoting *Rando*, 16 So. 3d at 1091).

In this case, plaintiff has failed to meet his burden on both elements. To defeat an asbestos defendant's motion for summary judgment, a plaintiff "need only show that a reasonable jury could conclude that it is more likely than not that [plaintiff] inhaled defendant's asbestos fibers.'" *Williams*, 23 F.4th at 512 (citing *Held v. Avondale Indus., Inc.*, 672 So. 2d 1106, 1109 (La. App. 4 Cir. 1996)).   Plaintiff has made no such showing here.   Although plaintiff testified that he used O-rings and sheet gasket material produced by Shreveport Rubber when he worked at Louisiana State University, he

conceded in his deposition that as far as he was aware, those products did not contain asbestos.[8] Plaintiff has come forward with no other evidence that he was ever exposed to any asbestos fibers emanating from a product produced by Shreveport Rubber. Because plaintiff cannot establish that he had "significant exposure" to asbestos through Shreveport Rubber's products, *id.* at 512, he cannot meet his burden of demonstrating that Shreveport Rubber's products were a "substantial factor generating [his] harm," *Adams*, 923 So. 2d at 122. Accordingly, plaintiff's claims against Shreveport Rubber must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED.

New Orleans, Louisiana, this __27th__ day of December, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

8        R. Doc. 87-2 at 7-9 (King Dep. Tr. 337:12-339:3).